UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-55 |
| | § | |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING REMAND, DENYING MOTION TO DISMISS,
AND STAYING PROCEEDINGS**

Before the Court is Plaintiffs Edward Garza and Jose Villegas' Motion to Remand (D.E. 12), along with Defendant Travelers Casualty Insurance Company of America's (Travelers') response (D.E. 14). Plaintiffs challenge the Court's diversity jurisdiction on the sole basis that the direct action portion of the diversity jurisdiction statute, 28 U.S.C. § 1332(c)(1), renders Travelers a citizen of Texas, the same as the citizenship of its insured, despite the fact that it is a foreign entity with its principal place of business outside of Texas.

This argument has been rejected because the direct action provision applies only to cases in which an injured party sues a tortfeasor's insurance company directly. It does not apply to an insured's action against his own insurance company. *Chevalier v. Reliance Ins. Co. of Illinois*, 990 F.2d 625, 1993 WL 117787 (5th Cir. 1993) (not designated for publication); *Ponton v. Allstate Texas Lloyd's*, No. CIV.A. H-10-4842,

2011 WL 2837592, at *3 (S.D. Tex. July 18, 2011).  The Court **DENIES** the motion to remand (D.E. 12).

Also before the Court is Travelers' Motion to Dismiss (D.E. 11), along with Plaintiffs' response (D.E. 16) and Travelers' reply (D.E. 17).  Travelers seeks dismissal on the basis that the claim is not ripe.  It contends that Plaintiffs, who have already filed their lawsuit against the alleged tortfeasor, must obtain a judgment establishing liability and damages, as well as insufficiency of the tortfeasor's policy limits, before the contractual obligation of indemnity is triggered with respect to uninsured and underinsured motorist coverage.  Plaintiffs respond that this Court can determine liability and damages such that the claim is ripe.  In the alternative, Plaintiffs seek to amend and/or ask that the Court stay the case rather than dismiss it.

Pursuant to *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 818 (Tex. 2006), the insurance company's contractual obligation to pay pursuant to the insured's underinsured motorist coverage is not triggered until liability, damages, and the insufficient insurance coverage of the tortfeasor has been established.  Plaintiffs have filed an action in Hidalgo County, Texas, upon which judgment against a specific insured tortfeasor may be based.  That action has its own timeline by which the underinsured motorist claim accrues.

But Plaintiffs' claims arise from a large multi-vehicle action and Plaintiffs have expressed the possibility that an unknown third party caused Plaintiffs' injuries and damages if the alleged tortfeasor is exonerated.  In that case, Plaintiffs appropriately seek

to satisfy the statute of limitations on their contractual uninsured motorist claim against their insurance company by filing suit where there is no external basis for determining when the claim accrued other than the collision, itself. *See generally, Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 793 (Tex. 1974) (treating uninsured motorist claims as contractual claims subject to four-year statute of limitations).

So long as there is a claim that has already accrued, this Court has jurisdiction. Thus the Court **DENIES** the motion to dismiss (D.E. 11). The Court further **DENIES** the motion for leave to amend imbedded in Plaintiffs' response (D.E. 16) as inadequate to address the practical issues driving this Court's exercise of jurisdiction.

However, Plaintiffs have requested alternative relief in the form of a stay of this litigation so that it may first be determined in the state court action whether the alleged underinsured motorist is the liable party, mooting the separate uninsured unknown motorist claim. Travelers agrees that a stay is appropriate.[1] So as to avoid conflict with the state court proceedings and to avoid the potential waste of the parties' and judicial resources on a claim that may become moot, the Court ORDERS that this action is stayed, pending resolution of *Edward Garza, et al v. Ricardo Casillas, et al*, in the Judicial District Court of Hidalgo County, Texas.

---

[1] Plaintiffs have also sued Defendant Linnea Wernette Sheehan [a/k/a Sheeran], a Travelers employee, for actions taken in the course and scope of her employment and for which Travelers allegedly has respondeat superior liability. Sheeran has filed a waiver of service and her answer date is May 6, 2019. D.E. 13. Sheeran has not otherwise appeared in this action.

The Court ORDERS the parties to file status reports on November 1, 2019, and every six months thereafter, advising the Court on the status of the Hidalgo County action and whether the stay in this action should be lifted or whether this action may be dismissed.

ORDERED this 24th day of April, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE